**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Man-D-Tec, Inc., ) | No. CV-11-1573-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Nylube Products Company, LLC, ) Defendant. ) | |

Pending before the Court are Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and, in the Alternative, Motion to Transfer for the Convenience of the Parties (Doc. 19), and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 30). For the reasons discussed below, Defendant's motion is denied and Plaintiff's motion is granted.[1]

**BACKGROUND**

Plaintiff Man-D-Tec, Inc. is an Arizona corporation which manufactures and sells elevator light fixtures and replacement lamps for these light fixtures.

Defendant Nylube Products Company, LLC is a Michigan corporation which likewise manufactures and sells accessories for elevators, including light fixtures, replacement lamps, alarms, and fans. Nylube sells its products throughout the United States, but does not

---

[1] Defendant's request for oral argument is denied as oral argument will not aid the Court's decision. See *Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991)

regularly advertise its products in Arizona. For the past two years, about one-half of one percent (0.5%) of Nylube's total sales have been to Arizona customers.

Plaintiff alleges that Defendant made false and misleading statements which injured Plaintiff. Plaintiff first alleges that Defendant made misleading statements in an advertising circular which it attached to the invoices of nine of Defendant's Arizona customers. This flyer stated, among other things, that Nylube's replacement lamps can be used in either Nylube or Man-D-Tec light fixtures. (Doc. 26-1, Ex. A). Plaintiff alleges that the lamps advertised by Defendant do not, in fact, function properly in Plaintiff's fixtures. Plaintiff further alleges that by using Plaintiff's trademarked company name in the flyers, Defendant infringed Plaintiff's trademark of that name. Plaintiff also alleges that a statement displayed on Defendant's website, namely "We Make What We Sell," is misleading because Defendant does not, in fact, manufacture some of the products it sells and because this statement "capitalizes on a false rumor that all of Plaintiff's products are made in China." (Doc. 1, ¶ 34).

On August 10, 2011, Plaintiff filed its Complaint in this action. (Doc. 1). In the Complaint, Plaintiff brings claims against Defendant under the Lanham Act, 15 U.S.C. § 1114, et seq., for false advertising, unfair competition, and infringement of trademark. (Doc. 1, ¶¶ 15–46). Plaintiff also brings common law claims for trademark infringement and unfair competition. (*Id.* ¶¶ 47–52). Defendant now moves to dismiss this action for lack of personal jurisdiction, or, in the alternative, to transfer this case to the Eastern District of Michigan for the convenience of the parties. (Doc. 19). Plaintiff moves to amend its Complaint to provide additional factual allegations. (Doc. 30).

**DISCUSSION**

**I.      Motion to Dismiss for Lack of Personal Jurisdiction**

    **A.      Legal Standard**

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Arizona Rule of Civil Procedure 4.2(a)

1  allows courts to exercise personal jurisdiction to the extent permitted by the state and federal
2  constitutions.

3  A court may assert general jurisdiction over a defendant if the defendant's activities
4  in the state are substantial or continuous and systematic, even if the cause of action is
5  unrelated to those activities. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*,
6  784 F.2d 1392, 1396 (9th Cir. 1986).

7  Specific personal jurisdiction is appropriate when three requirements are met:
8  (1) Defendant purposefully directed his activities or consummated some transaction with the
9  forum or a resident thereof, or performed some act by which he purposefully availed himself
10 of the privileges of conducting activities in the forum, thereby invoking the benefits and
11 protections of its laws; (2) the claim arises out of or relates to Defendant's forum-related
12 activities; and (3) the exercise of jurisdiction is reasonable. *Harris*, 328 F.3d at 1129;
13 *Bancroft & Master, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000);
14 *Panavision Intl. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *Cybersell*, 130 F.3d at 416.

15 Plaintiff need only make a prima facie showing that jurisdiction is proper in order to
16 defeat Defendant's motion. *Harris*, 328 F.3d at 1129. The Court takes Plaintiff's allegations
17 as true and resolves factual conflicts in Plaintiff's favor. *Id*.

18 **B.     Analysis**

19 **1.     General Jurisdiction**

20 Defendant's contacts with the state of Arizona are not so extensive that it is subject
21 to general jurisdiction. "The level of contact required to show general jurisdiction is quite
22 high." *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 282 (2000). For the Court to
23 assert general jurisdiction over Defendant, its activities in Arizona must be "substantial" or
24 "continuous and systematic." *Haisten*, 784 F.2d at 1396.

25 Plaintiff asserts that Defendant's activities in Arizona are continuous and systematic
26 because 1) its website is hosted on an Arizona server, 2) that website is interactive and can
27 be accessed in Arizona, 3) Defendant sent advertisements to nine Arizona residents, and 4)
28 Defendant maintains at least 14 customers in Arizona. (Doc. 26 at 6–7). Plaintiff "cannot rely

on the fortuitous location of [Defendant's] servers to establish personal jurisdiction." *Chang v. Virgin Mobile,* 2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009). If the mere location of a server could create personal jurisdiction, any state where a server is located would have personal jurisdiction over any user of that server. Nor does the accessability of Defendant's website in Arizona create general jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075–76 (9th Cir. 2011) ("If the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, the eventual demise of all restrictions on the personal jurisdiction of state courts would be the inevitable result.") (internal quotation omitted); *The Hillman Group, Inc. v. Hy-Ko Products Co.*, 2008 WL 3583253, at *3 (D. Ariz. Aug. 13, 2008) ("[M]erely maintaining a website that Arizona residents may access is not enough to satisfy general jurisdictional requirements."). That a small number of Arizona residents received advertisements from Defendant is also insufficient to confer general jurisdiction. *CollegeSource, Inc.*, 653 F.3d at 1075 ("Marketing to forum residents, at least where such marketing does not result in substantial and continuous commerce with the forum, does not support general jurisdiction.").

To be sure, the fact that Defendant has maintained at least 14 customers in Arizona over the last two years demonstrates that Defendant's activities in Arizona are continuous. Nonetheless, "continuous activity . . . within a state is not enough to support [general jurisdiction]." *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 317–18 (1945). Rather, Plaintiff must also show that Defendant conducts "corporate operations within [Arizona] . . . so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 318. Defendant's operations within Arizona are minimal; Defendant is not licensed to do business in Arizona, does not maintain offices, telephone numbers, or bank accounts here, and has no sales personnel or agents for service of process in Arizona. (Doc. 19-1, ¶¶ 9–13). Although the above-mentioned Arizona customers purchase products from Defendant, they represent only about 0.5% of Defendant's total sales.

(*Id.* at ¶¶ 20–22). Given that Plaintiff has provided no other evidence that Defendant's activities here are systematic, Defendant's small customer base in Arizona is insufficient to justify suit against it for unrelated activities. *See Hillman Group.,* 2008 WL 3583253, at *4. ("Direct sales amounting to 0.5% of Defendant's revenue are de minimus in this particular case, especially given that Defendant does not maintain a conventional physical presence in the state.").

### 2. Specific Jurisdiction

Plaintiff alternatively contends that the Court has specific jurisdiction over Defendant. Specific jurisdiction exists where (1) the non-resident defendant "purposefully direct[s]" his activities to the forum or otherwise purposefully avails himself of the privileges of conducting activities in the forum; (2) "the claim . . . arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction is "reasonable." *Harris*, 328 F.3d at 1129.

#### a. Purposeful Direction

Plaintiff asserts that Defendant purposefully directed conduct towards Arizona by sending advertising circulars to particular Arizona customers. (Doc. 26 at 7–8). Defendant apparently sent the allegedly misleading flyer to customers throughout the United States, as it was included with the invoices given to Defendant's "existing customers during the period from October 22, 2010 until January 3, 2011." (Doc. 19-1, ¶¶ 24–26). Defendant contends, therefore, that the flyers "were not expressly aimed at any particular forum . . . they were merely directed at its prior customers." (Doc. 29 at 7). Because the flyers were directed to particular prior customers, however, and because Defendant apparently knew that some of these customers were Arizona residents, Defendant purposefully directed flyers to Arizona. (*See* Doc. 19-1, ¶ 25). That Defendant also purposefully directed flyers towards other states' residents does not make its direction of advertising towards specific Arizona residents any less purposeful.

Several courts have determined that the placement of "nation-wide advertisements" in journals or magazines which then happen to be read in the forum state does not constitute

- 5 -

"purposeful direction." *See Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) ("We have previously held that evidence of mere placement of advertisements in nationally distributed papers or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser."); *Wines v. Lake Havasu Boat Mfg., Inc.,* 846 F.2d 40, 43 (8th Cir.1988) (holding that advertisements in a national publication alone did not subject party to specific jurisdiction in Minnesota because the advertising was not aimed at Minnesota); *see also Land-O-Nod Co. v. Bassett Furniture Indus., Inc.,* 708 F.2d 1338, 1341 (8th Cir. 1983); *Kransco Mfg., Inc. v. Markwitz,* 656 F.2d 1376, 1379–80 (9th Cir. 1981) (noting that the Ninth Circuit has previously rejected claim of specific jurisdiction based on advertisement of products in national periodicals); *Charia v. Cigarette Racing Team, Inc.,* 583 F.2d 184, 187 (5th Cir. 1978) (noting that absent other direct contacts with the forum state, "merely advertising in magazines of national circulation that are read in the forum state is not a significant contact for jurisdictional purposes" (internal quotations omitted)); *Alsop v. Carolina Custom Prods., Inc.,* 2007 WL 2441025, at *7 (C.D. Cal. June 29, 2007) (finding defendant did not target residents of California where company advertised in motorcycle magazines that are nationally distributed). These cases, however, involve situations where defendants did not themselves direct advertisements to particular forum residents, but rather where those who received the advertisements happened to subscribe to the national periodicals in which the advertisements were placed. Where, on the other hand, a company directs advertisements to consumers in a particular forum, the Ninth Circuit has held that such advertising constitutes purposeful direction. *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1020–21 (9th Cir. 2002) (finding purposeful direction where defendant engaged in a targeted marketing campaign, through advertisements placed in local Nevada media and radio spots in Las Vegas).

Defendant contends that applying this Court's reasoning in *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.,* No. CV-10-1068-PHX-GMS, 2011 WL 333337, at *3 (D. Ariz. Jan. 31, 2011), purposeful direction does not exist in the instant case. In *Neuromechanical*, the

1 Court held that it did not have personal jurisdiction over a company which had placed
2 trademark-infringing advertisements in an online trade journal. *Id.* Those advertisements
3 were then sent to the email accounts of 14,325 consumers, 183 of which were Arizona
4 residents. Unlike the Defendant in the instant case, however, the defendants in
5 *Neuromechanical* did not direct the advertisements to particular existing customers, known
6 to be Arizona residents. *See id.* at *1, *4 (noting that the plaintiff never sold its products to
7 Arizona residents and that, with the exception of the emailed advertisements, there was "no
8 evidence of any other contacts between Defendants and Arizona residents"). Rather, the
9 defendants in that case purchased advertisements in an online national trade journal, and the
10 journal directed the emails to its subscribers. *See id.* at *3.
11 Because Plaintiff has provided evidence that Defendant directed the allegedly
12 misleading advertisements to particular, known Arizona residents, Plaintiff has adequately
13 shown purposeful direction.

### b. Arises out of or Relates to Defendant's Forum-related Activities

Plaintiff must also make a prima facie showing that its claim "arises out of or relates to the defendant's forum-related activities." *Harris*, 328 F.3d at 1129. "The 'arising out of' requirement is met if, 'but for' the contacts between the defendant and the forum state, plaintiff's cause of action would not have arisen." *Diamond v. Diamond,* 2007 WL 484832, at *2 (D. Ariz. Feb. 12, 2007) (citing *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Plaintiff has made its prima facie showing of but for causation in this case; but for the advertisements sent by Defendant, Plaintiff's causes of action which relate to those advertisements would not have arisen.

### c. Reasonableness

Defendant does not address the seven specific factors that must be considered in making the reasonableness determination. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985) (setting forth the seven factors and placing upon the defendant the burden of demonstrating a "compelling case" of unreasonableness). Defendant merely states

- 7 -

1  that "[b]ecause the Complaint does not meet either of the first two elements of specific
2  jurisdiction, this Court need not reach the third element (reasonableness)." (Doc. 19 at 10).
3  Defendant has thus failed to meet its burden of demonstrating a compelling case of
4  unreasonableness. *See Bancroft & Masters*, 223 F.3d at 1088–89 ("[Defendant] attempted
5  no factual showing with regard to the *Burger King* factors.  Instead, [defendant] stated
6  without elaboration that jurisdiction would be unreasonable. . . .  This is inadequate to
7  discharge *Burger King*'s requirement[.]"); *Ballard v. Savage*, 65 F.3d, 1495, 1500 (9th Cir.
8  1995) ("To avoid jurisdiction, [defendant] must 'present a *compelling case* that the presence
9  of some other considerations would render jurisdiction unreasonable.' In our view,
10 [defendant] has not carried its heavy burden of rebutting the strong presumption in favor of
11 jurisdiction.") (citations omitted; emphasis in original).

12     In sum, Defendant purposefully directed its activities to Arizona, at least one of
13 Plaintiff's claims arose out of those activities, and the exercise of jurisdiction in Arizona is
14 reasonable. The Court therefore has personal jurisdiction over Defendant's claims.

15 **II.    Defendant's Motion to Transfer**

16     Defendant alternatively contends that this action should be transferred to the U.S.
17 District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a) (2006).[2]
18 Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the
19 interest of justice, a district court may transfer any civil action to any other district or division
20 where it might have been brought." Defendant has the burden of showing that the action
21 should be transferred. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir.
22 2000); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)

---

[2] Defendant states that it is seeking this transfer under the doctrine of *forum non conveniens*. Where the transfer of an action from one federal district to another is concerned, however, this doctrine has been superceded by 28 U.S.C. § 1404(a). *See Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 (5th Cir. 1983) ("With its enactment in 1948, § 1404(a) superseded the common law doctrine of *forum non conveniens* insofar as transfer to another federal district court is possible."). The Court will therefore construe Defendant's motion as a motion to transfer pursuant to Section 1404(a).

- 8 -

1   ("Savage had the burden to justify by particular circumstances that the transferor forum was
2   inappropriate."). Indeed, Defendant "must make a strong showing of inconvenience to
3   warrant upsetting [Plaintiff's] choice of forum." *Decker Coal Co. v. Commonwealth Edison*
4   *Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see N. Acceptance Trust v. Gray*, 423 F.2d 653, 654
5   (9th Cir. 1970) (stating that "substantial weight" should be given to the plaintiff's choice of
6   forum); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (stating that "the plaintiff's
7   choice of forum should rarely be disturbed").

8   The district court may consider several factors in determining whether to transfer
9   venue, including the plaintiff's choice of forum, the extent of the parties' contacts with the
10  forum, the contacts in the forum relating to the plaintiff's cause of action, the availability of
11  non-party witnesses, and the accessibility of evidence. *See Jones*, 211 F.3d at 498–99.
12  Because Plaintiff has chosen its home forum, this choice of forum is given "substantial
13  deference." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d. 48, 52 (D.D.C. 2000). To be sure,
14  this is only one factor to be considered and is not dispositive. *Impra Inc. v. Quinton*
15  *Instruments Co.*, 17 U.S.P.Q. 2d 1890, 1891 (D. Ariz. 1990). Nonetheless, Defendant has
16  failed to show that the other factors weigh substantially in its favor. Although Defendant's
17  witnesses apparently reside in Michigan (Doc. 19 at 13), Plaintiff's primary witnesses reside
18  in Arizona (Doc. 27, ¶ 7). And although Defendant contends that some of its witnesses
19  "might not be amenable to process in Arizona," Defendant does not state which witnesses
20  would be unavailable for trial, or why they would not be amenable to process in Arizona.
21  (Doc. 19 at 13).

22  In short, "Section 1404(a) provides for transfer to a more convenient forum, not to a
23  forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S.
24  612, 645–46 (1964). Defendant has failed to make a strong enough showing of inconvenience
25  to warrant upsetting Plaintiff's choice of forum. The Court will therefore deny Defendant's
26  motion for change of venue. *See Jones*, 211 F.3d at 499 (holding that the district court
27  "did not abuse its discretion in denying the motion to transfer venue under § 1404(a)"
28  because the defendant had "failed to meet its burden of showing that Pennsylvania was the

1 more appropriate forum for the action"); *Decker Coal Co.*, 805 F.2d at 843 (holding that the district court did not abuse its discretion in denying a motion to transfer where "the transfer would merely shift rather than eliminate the inconvenience").

### III. Plaintiff's Motion to Amend

Lastly, Plaintiff moves for leave to amend the Complaint to clarify some of its factual allegations. (Doc. 30 at 2). Given the Court's denial of Defendant's motion to dismiss and motion to transfer, Defendant does not oppose Plaintiff's motion. (*See* Doc. 31 at 2) ("If, however the Court denies Nylube's Motion to Dismiss or Transfer, Nylube does not otherwise object to Plaintiff's amendment to its Complaint."). Moreover, Plaintiff moved for leave to amend prior to the scheduling order's March 21, 2012 deadline for such motions. (Docs. 25, 30). Plaintiff is therefore given leave to file its proposed amended complaint (Doc. 30-1).

### CONCLUSION

For the reasons discussed above, the Court has specific jurisdiction over Defendant and will not transfer this action to the Eastern District of Michigan. Plaintiff may file its proposed amended complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and, in the Alternative, Motion to Transfer for the Convenience of the Parties (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 30) is **GRANTED.**

DATED this 17th day of May, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge

- 10 -